

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BOBBY RAY ROBBINS,<br>　　　　Plaintiff,<br><br>vs.<br><br>AUBREE TORRES,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Civil Action No. 3:23-cv-02241-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING COMPLAINT WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Bobby Ray Robbins (Robbins), proceeding pro se, filed a complaint under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss the complaint without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 2, 2023. Robbins objected on June 12, 2023. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Robbins objects to Report's determination that the Court is unable to intervene in his pending state court proceedings. He contends he has requested discovery and a speedy trial without success.

"[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). "[C]ourts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris*, 401 U.S. 37, 43–44 (1971).

"[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Even if, as Robbins contends, he has filed a motion to compel discovery and a motion for speedy trial without success, the Court will refrain from impugning on the authority of the state court. It appears Robbins is represented by counsel in his state court proceedings; thus providing Robbins the vehicle to pursue his rights. *See State v. Robbins*, 2020A4010206144 (Richland Cnty. Gen. Sessions) (listing Kathleen Ashley Warthen as Robbins's attorney in his unlawful carrying of a firearm case). And, Robbins fails to allege he has been denied discovery altogether. This Court must allow the state to administer criminal justice without federal interference.

Thus, for these reasons, the Court will overrule Robbins's objections.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Robbins's complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 21st day of September 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.